KAREN P. HEWITT
United States Attorney
CINDY M. CIPRIANI
Special Attorney
California State Bar No. 144402
TIMOTHY C. STUTLER
Special Attorney
California State Bar No. 131794
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7390
Facsimile: (619) 557-5004
Email: cindy.cipriani@usdoj.gov

Attorneys for Defendant
Eric H. Holder, Jr.,
Attorney General of the United States

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IRA DAVES,<br><br>       Plaintiff<br><br>    v.<br><br>ERIC H. HOLDER, JR.,<br>ATTORNEY GENERAL,<br><br>       Defendant.<br>_____ | Case No.: CV 08-07376 CAS (AGRx)<br><br>REPLY BRIEF IN SUPPORT OF<br>DEFENDANT'S MOTION TO DISMISS<br>PLAINTIFF'S FIRST AMENDED<br>COMPLAINT, IN FULL OR IN PART,<br>OR, IN THE ALTERNATIVE,<br>TO STRIKE SUPERFLUOUS<br>AND IMPROPER ALLEGATIONS<br><br>Date:  October 19, 2009<br>Time:  10:00 a.m.<br>Ctrm:  5<br>Judge: Hon. Christina A. Snyder |

I

INTRODUCTION

Notwithstanding Plaintiff's self-serving assertions in opposition to the instant motion, his First Amended Complaint ("FAC") is confusing, vague, conclusory, argumentative, and unwieldy. It simply fails to set forth a plausible disparate treatment

///

claim, particularly with regard to race and gender.  For the reasons set forth below and in Defendant's moving papers, Plaintiff's FAC should be dismissed.

II

DISCUSSION

A.    THE FAC DOES NOT COMPLY WITH RULE 8

1.    THE 105-PAGE FAC IS NOT AN APPROPRIATE LENGTH

Plaintiff claims his 105-page FAC is an "appropriate" length because "Rule 8 does not set a page limit," "establishing disparate treatment based on protected status is no easy task," and his complaint must "contain sufficient facts to make it 'plausible on its face,'" under Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554, 127 S. Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).  See Opposition to Motion to Dismiss at pp. 6-7 (citing Twombly).  Twombly, however, neither requires nor allows inflammatory, unnecessary argument and repetition, and Plaintiff's FAC is filled with both.

When a complaint is "argumentative, prolix, replete with redundancy, and largely irrelevant," dismissal is appropriate.  See McHenry v. Renne, 84 F.3d 1172, 1175-78 (9th Cir.1996).  Here, a substantial portion of Plaintiff's FAC is devoted to reciting duplicative, evidentiary and immaterial matter.  The Court should not hesitate to dismiss Plaintiff's long, unwieldy pleading and state more directly the claims that have merit. See, e.g., In re Splash Technology Holdings, Inc. Securities Litigation, 160 F.Supp.2d 1059, 1073 (N.D.Cal. 2001).  Neither the Court nor Defendant should have to wade through repetitive allegations that waste judicial resources and distract from the claims alleged.  Id. at 1073-75.

2.    PLAINTIFF'S CLAIMS ARE CONCLUSORY AND
      IMPLAUSIBLE

Plaintiff's Opposition Brief ignores the vast majority of Defendant's cited authorities that interpret, in the employment discrimination context, the pleading requirements set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009) and Twombly, 550 U.S. at 555-56.  Plaintiff claims, in conclusory fashion, that

the FAC meets those rigorous standards but he implicitly acknowledges deficiencies by arguing that it would "contravene the remedial purposes of Title VII" to reject his claims "before he has an opportunity to develop the record." Opposition Brief at p.6, lines 16-17. In effect, Plaintiff seeks to substitute volume for substance and then conduct an expensive discovery fishing expedition in the hope that he will uncover factual support for his suspicions. The point of Iqbal and Twombly, however, is to implement a mandatory pre-screening process to avoid extensive discovery in cases that wholly lack merit. As the Supreme Court noted in Iqbal, "Rule 8...does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 129 S.Ct. at 1950. Accordingly, to withstand a motion to dismiss, a complaint "'must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Armstrong v. Sexson, 2007 WL 2288297, *2 (E.D. Cal. August 8, 2007), quoting Twombly, 550 U.S. at 555 (quoting C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). Rather, a complaint must "plausibly" show a valid claim. Id. at 557. Plaintiff's FAC does not do so.

In the instant case, a careful review of the FAC's allegations does not move Plaintiff's case from the realm of possible to plausible. At several junctures, Plaintiff's theory is not even consistent with liability. For instance, the FAC asserts that the same management team that hired Daves, gave him positive reviews, accolades, and support (FAC p.3, ¶6; p. 5, ¶9); showered him with "highly coveted" Special Achievement and Director's Awards (Id., p. 13, ¶32); and referred to his appellate performance as "magnificent" (Id., p.17, ¶43) had, "from the start" adopted a "default assumption" that Plaintiff was "somehow not as good as his similarly situated white counterparts..." and "no more than minimally or questionably competent" due to his protected characteristics. See id., p. 9, ¶19. These allegations are incongruous. Plaintiff's contentions of systemic discrimination at the highest levels of the U.S. Attorney's Office and within the Executive Office of U.S. Attorneys are, without factual content to bolster them, "just the sort of conclusory allegation[s] that the *Iqbal* Court deemed inadequate" regarding

Def's Reply Brief  CV08-7376

similar assertions.  <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 970 (9th Cir. 2009). These are examples of Plaintiff's theories that, on their face, are both conclusory and implausible.  <u>See</u> Points and Authorities in Support of Motion to Dismiss at pp. 9-10 (outlining additional conclusory, speculative allegations).

### B.    THE THIRD CAUSE OF ACTION IS SUPERFLUOUS

Plaintiff claims the third cause of action is necessary because he is entitled to allege that reprisal motivated both disparate treatment of Plaintiff and harassment.  But even if Plaintiff could adduce sufficient facts to allege both kinds of conduct, the third claim is duplicative.  <u>See</u> FAC at pp. 64-78 (First Cause of Action for Disparate treatment based on race, gender and EEO activity) and pp. 79-93 (Second Cause of Action for Hostile Work Environment based on race, gender, and retaliation for EEO participation).

### C.    PLAINTIFF HAS NOT ALLEGED A VIABLE QUID PRO QUO CLAIM

In a quid pro quo case, the plaintiff must prove that a tangible employment action resulted from refusal to submit to sexual demands. <u>Burlington Industries v. Ellerth</u>, 524 U.S. 742, 753-54, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998); <u>see also</u> <u>Collins v. Baptist Memorial Geriatric Center</u>, 937 F.2d 190, 196 (5th Cir.1991) (quid pro quo is where "job benefits [are] conditioned on the acceptance of the harassment"); <u>Highlander v. KFC National Management Co.</u>, 805 F.2d 644, 648 (6th Cir.1986) (quid pro quo includes the situation where "submission to the unwelcomed sexual advances of supervisory personnel [is] an express or implied condition for receiving job benefits"); <u>Hicks v. The Gates Rubber Company</u>, 833 F.2d 1406, 1413 (10th Cir. 1987) (quid pro quo is where "submission to sexual conduct is made a condition of concrete employment benefits"). The term quid pro quo itself is attributed to Professor Catherine MacKinnon, who defined it as a supervisor's demand that a subordinate employee grant sexual favors in exchange for job benefits.  <u>See</u> Catherine MacKinnon, <u>Sexual Harassment of Working Women: A Case of Sex Discrimination</u> (1979).

Significantly, Plaintiff has not cited a single case supporting the proposition that a quid pro quo claim lies outside the sexual harassment context.  Instead, Plaintiff relies

Def's Reply Brief  CV08-7376

on <u>Young v. Southwestern Savings & Loan Ass'n</u>, 509 F.2d 140, 141-42 (5th Cir. 1975), which is inapposite. While he contends <u>Young</u> "held that quid pro quo harassment was actionable where an employer demanded that an employee engage in unwelcome religious activity in order to obtain a job benefit," this statement is misleading, as the <u>Young</u> plaintiff did not file a quid pro quo claim, and the term quid pro quo does not even appear in the opinion. The <u>Young</u> court merely remanded for consideration of whether the employer constructively discharged plaintiff for religious reasons, as it terminated the plaintiff because of her refusal to attend mandatory monthly meetings where religious prayer was performed. <u>Id.</u> at 141-42. The case was analyzed according to standard discrimination principles, not as a quid pro quo claim.

Plaintiff also cites <u>Nichols v. Frank</u>, 42 F.3d 503, 509 (9th Cir. 1994), abrogated on other grounds by <u>Burlington</u>, 524 U.S. at 764, to support his assertion that he suffered "quintessential non-sexual quid pro quo harassment." Opposition Brief at 13. While Nichols discusses quid pro quo, it does so exclusively in the context of sexual harassment and sexual favors in exchange for job benefits. Indeed, the <u>Nichols</u> court describes quid pro quo harassment as the "most blatant form of **sexual** harassment." <u>Id.</u> at 511.

The Court should reject Plaintiff's invitation to apply a quid pro quo analysis to situations wherein a plaintiff vaguely alleges that he felt forced to submit to amorphous, unspecified "offensive  norms" in exchange for managerial support and job security. Opposition Brief at 13. Plaintiff's expansive interpretation could potentially convert every garden variety retaliation or discrimination suit into a quid pro quo action, thereby rendering meaningless the original definition of this unique claim, and create a "strict liability" standard for every type of alleged discrimination. There is no support for such an expansion of the law. Here, Plaintiff asserts both disparate treatment and hostile work environment harassment claims, and they effectively address his discrimination allegations. There is simply no need to resort to a strained quid pro quo analysis. Accordingly, that claim should be dismissed.

///

D.     GIVEN PLAINTIFF'S CONCESSION THAT HE IS NOT PURSUING A CLASS CLAIM, THE FOURTH CAUSE OF ACTION SHOULD BE DISMISSED WITH PREJUDICE

Plaintiff concedes that he is not pursuing class relief for any of his claims.  See Opposition Brief at p. 14.  Given that concession, a separate "systemic discrimination" or "pattern and practice" cause of action is inappropriate.  "A pattern or practice case is not a separate and free-standing cause of action, ... but is really merely another method by which disparate treatment can be shown." Celestine v. Petroleos de Venezuela SA, 266 F.3d 343, 355 (5th Cir. 2001).[1]

While Plaintiff alleges that pattern-or-practice evidence may be relevant to proving Plaintiff's disparate treatment claim, that question is not properly before the Court; such issues will resolved in the discovery, summary judgment and trial stages of these proceedings.  At this stage, however, it is clear that both a separate cause of action and the class-wide injunctive relief for which Plaintiff prays are inappropriate.

E.     PLAINTIFF'S EEO PROCESSING CLAIMS SHOULD BE DISMISSED WITH PREJUDICE

Plaintiff argues that rulings which prohibit suits against the Equal Employment Opportunity Commission ("EEOC") for mishandling EEO claims are distinguishable because while the EEOC is an independent entity, a federal agency accused of discrimination is responsible for investigating its employees' EEO claims and should be accountable for any processing problems.  This reasoning, however, was soundly rejected in a recent lawsuit against the Secretary of the Navy:

Plaintiff contends that these [EEOC] cases are inapposite because Plaintiff is not suing the EEOC, but his employer.  The Court does not find this

---

[1]     Defendant disagrees with Plaintiff's assertion that Lyons v. England, 307 F.3d 1092, 1107, n.8 (9th Cir. 2002), supports allowing a single plaintiff to allege a pattern or practice disparate treatment claim.  The language cited merely suggests that timely filing questions may be governed by different rules in a "class-wide" pattern or practice claim.

distinction material. In cases involving claims against federal agencies, the agency itself is required to conduct the EEO investigation in lieu of the EEOC ... Thus, in failure to investigate cases, the agency stands in the same position as the EEOC. Plaintiff's remedy, when he was unhappy with the processing of his administrative claim, was to file a lawsuit challenging the agency's decision. '[A]n employee ... if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action.' 42 U.S.C. § 2000e-16(d).

Hill v. England, 2005 WL 3031136, *3 (E.D.Cal. 2005) (holding that plaintiff "cannot rely on the allegations of mishandling of his EEO complaints by employees of the defendant as constituting, of itself, a violation of Title VII or the Rehabilitation Act" and dismissing such allegations as failing to state a claim upon which relief can be granted). Here, as in Hill, Plaintiff has an available remedy in federal court and cannot recover damages for any defects in the administrative processing of his claim.

## F.    PLAINTIFF FAILED TO RESPOND TO DEFENDANT'S MOTION TO STRIKE

Plaintiff has not submitted any opposition to Defendant's motion to strike.  His failure to file a written response should be deemed a waiver of any opposition to the granting of Defendant's motion.

## G.    DEFENDANT IS NOT DELAYING THIS LITIGATION

The parties' various requests for more time reflect the following: (1) when Plaintiff expressed an interest in mediation, the parties jointly agreed to place this case on hold to focus on that effort; (2) after mediation, Plaintiff asked for more than one extension of time to file his FAC; and (3) Plaintiff agreed to provide the Defendant reasonable additional time to respond to his 105-page FAC.  Defendant has not been the source of undue delay and stands willing and ready to expeditiously litigate the instant case.

///

///

1

III

2

<u>CONCLUSION</u>

3      For the reasons discussed above and in Defendant's moving papers, the Plaintiff's

4  FAC should be dismissed.

5
       DATED: October 9, 2009                  KAREN P. HEWITT
6                                              United States Attorney

7                                              s/Cindy Cipriani

8                                              Cindy M. Cipriani
                                               Special Attorney
9                                              E-Mail cindy.cipriani@usdoj.gov
                                               Timothy C. Stutler
10                                             Special Attorney
                                               E-Mail: timothy.stutler@usdoj.gov
11                                             Counsel for Defendant
                                               Attorney General Eric Holder
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8                                    Def's Reply Brief  CV08-7376

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| IRA DAVES, | ) | Case No.: CV 08-07376 CAS (AGRx) |
| Plaintiff, | ) ) | CERTIFICATE OF SERVICE |
| v. | ) ) | |
| ERIC H. HOLDER, JR.,<br>ATTORNEY GENERAL, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

IT IS HEREBY CERTIFIED THAT:

      I, the undersigned, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

      I am not a party to the above-entitled action.  I have caused service of:

      REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, IN FULL OR IN PART, OR, IN THE ALTERNATIVE, TO STRIKE SUPERFLUOUS AND IMPROPER ALLEGATIONS (dated 10/09/09)

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Michael L. Cohen, Esq.,             michaellcohen@cohen-law.org
707 Wilshire Boulevard, Suite 4100
Los Angeles, CA 90017

      I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case: N/A

the last known address, at which place there is delivery service of mail from the United States Postal Service.

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed on October 9, 2009.

            s/Cindy M. Cipriani
            CINDY M. CIPRIANI