KAREN P. HEWITT
United States Attorney
CINDY M. CIPRIANI
Special Attorney
California State Bar No. 144402
TIMOTHY C. STUTLER
Special Attorney
California State Bar No. 131794
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7390
Facsimile: (619) 557-5004
Email: cindy.cipriani@usdoj.gov

Attorneys for Defendant
Eric H. Holder, Jr.,
Attorney General of the United States

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IRA DAVES,<br><br>        Plaintiff<br><br>        v.<br><br>ERIC HOLDER, JR.,<br>ATTORNEY GENERAL,<br><br>        Defendant. | Case No.: CV 08-07376 CAS (AGRx)<br><br>DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT |

Comes now the Defendant, Eric Holder, Jr., in his official capacity as Attorney General of the United States ("Defendant"), through his attorneys, Karen P. Hewitt, United States Attorney, and Cindy M. Cipriani and Timothy Stutler, Assistant United States Attorneys, and answers the numbered paragraphs of Plaintiff's Second Amended Complaint as follows:

///

///

1.      The allegations contained in paragraph 1 of the Second Amended Complaint constitute conclusions of law and Plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2.      The allegations contained in paragraph 2 of the Second Amended Complaint constitute conclusions of law and Plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, Defendant admits Daves is employed by the Civil Division of the Office of the United States Attorney ("USAO") for the Central District of California, which Defendant admits is located in this judicial district.

3.      The allegations contained in paragraph 3 of the Second Amended Complaint constitute conclusions of law and Plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, Defendant admits that although he disputes the alleged acts and motivations asserted in the Second Amended Complaint, Defendant's decisions and actions affecting Plaintiff's employment primarily occurred in this judicial district.

4.      Defendant admits the substantial truth of the allegations contained in the first two sentences of paragraph 4 of the Second Amended Complaint and denies the last sentence as characterized by Plaintiff.

5.      Responding to paragraph 5 of the Second Amended Complaint, Defendant admits he is the appropriate Defendant as current Attorney General of the United States and head of the Department of Justice ("DOJ").  Defendant further admits that  federal agencies are subject to the laws of the United States and that the Executive Office for United States Attorneys ("EOUSA") is the division of DOJ that provides general executive assistance and guidance to USAOs throughout the country.  Any remaining allegations constitute conclusions of law and Plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

///

Def's Ans to Second Am. Cpt   CV 08-07376

6.     Defendant admits the substantial truth of the allegations contained in paragraph 6 of the Second Amended Complaint.

7.     Responding to paragraph 7 of the Second Amended Complaint, Defendant denies the allegations as characterized by Plaintiff.

8.     Responding to paragraph 8 of the Second Amended Complaint, Defendant denies the allegations as characterized by Plaintiff but admits that Daves received outstanding performance evaluations, generally received favorable results, and was viewed as an effective advocate with respect to his Title VII caseload.  Mr. Weidman and other Civil Division supervisors, however, received several complaints regarding Plaintiff.

9.     Responding to paragraph 9 of the Second Amended Complaint, Defendant denies the allegations in sentence one of said paragraph as characterized by Plaintiff. Defendant admits that Plaintiff received a Special Achievement Award for Sustained Superior Performance of Duty and asserts that AUSAs routinely receive such awards. As to the Director's Award, Defendant lacks sufficient information to form a belief as to this allegation and on that basis denies same.  Defendant further asserts that Mr. Weidman and other Civil Division supervisors also received several complaints from agency personnel regarding Plaintiff.  With respect to Plaintiff's allegation regarding the pattern and practice investigation, Defendant admits he was assigned to such an investigation but denies his characterization of this assignment.

10.     Responding to paragraph 10 of the Second Amended Complaint, Defendant admits the substantial truth of the allegation in sentence one and denies the remaining allegations therein.

11.     Responding to paragraph 11 of the Second Amended Complaint, Defendant asserts that the allegations constitute conclusions of law regarding what constitutes an EEO activity under Title VII's retaliation provision such that no response is required.  To the extent the allegations may be deemed allegations of fact, Defendant admits Daves ///

filed the EEO complaint underlying this action.  Defendant lacks sufficient information to form a belief as to Plaintiff's remaining allegations and on that basis denies same.

12.     Responding to paragraph 12 of the Second Amended Complaint, Defendant denies the allegations therein.

13.     Responding to paragraph 13 of the Second Amended Complaint, Defendant denies the allegations therein.

14.     Responding to paragraph 14 of the Second Amended Complaint, Defendant denies the allegations therein as characterized by Plaintiff.

15.     Responding to paragraph 15 of the Second Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the first and last sentences therein and on that basis denies the allegations.  As to all remaining assertions, Defendant denies the allegations.

16.     Responding to paragraph 16 of the Second Amended Complaint, Defendant denies the first sentence of said paragraph and asserts that white attorneys were not given preferential treatment.  Defendant expressly denies allegations in the fourth sentence  of said paragraph.  As to the remaining allegations, Defendant denies the allegations as characterized by Plaintiff.

17.     Responding to paragraph 17 of the Second Amended Complaint, Defendant denies the allegations therein as characterized by Plaintiff.  Defendant further asserts that while the civil division has appropriately utilized Plaintiff's Title VII expertise, management has made numerous efforts to provide Plaintiff cases in a variety of different practice areas, thereby ensuring that he has challenging work and meaningful growth opportunities as a lawyer.  Plaintiff has repeatedly been assigned cases outside of the Title VII arena but has rejected several such assignments.

18.     Responding to paragraph 18 of the Second Amended Complaint, Defendant denies the allegations therein as characterized by Plaintiff.  Defendant further asserts that while the civil division has appropriately utilized Plaintiff's Title VII expertise, management has made numerous efforts to provide Plaintiff cases in a variety of different

Def's Ans to Second Am. Cpt   CV 08-07376

practice areas, thereby ensuring that he has challenging work and meaningful growth opportunities as a lawyer.  Defendant generally and specifically denies that bias played any role whatsoever in case assignments.  Plaintiff has repeatedly been assigned cases outside of the Title VII arena but has rejected several such assignments.  Defendant additionally asserts that a number of years ago, due to the increasing burden posed by Title VII cases within the office, management began assigning such cases on a rotational basis to attorneys in the general civil section.

19.     Responding to paragraph 19 of the Second Amended Complaint, Defendant denies the allegations therein.

20.     Responding to paragraph 20 of the Second Amended Complaint, Defendant denies the allegations therein.

21.     Responding to paragraph 21 of the Second Amended Complaint, Defendant denies the allegations in the first sentence of said paragraph.  As to the remaining allegations, Defendant admits the substantial truth of said allegations.

22.     Responding to paragraph 22 of the Second Amended Complaint, Defendant denies the allegations therein.

23.     Responding to paragraph 23 of the Second Amended Complaint, Defendant asserts that the allegations therein constitute Plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24.     Responding to paragraph 24 of the Second Amended Complaint, Defendant denies the allegations therein.

25.     Responding to paragraph 25 of the Second Amended Complaint, Defendant denies the allegations therein except to admit that Mr. Weidman and Plaintiff had various conversations regarding the nature of the case assignments Plaintiff desired.

26.     Responding to paragraph 26 of the Second Amended Complaint, Defendant denies the allegations therein as characterized by Plaintiff and asserts that Mr. Weidman informally counseled Plaintiff regarding several complaints agencies had made regarding

him.  Mr. Weidman asked Plaintiff to focus on improving his relationships with agency counsel.  Defendant further asserts that despite Plaintiff's problems with agency counsel, Civil Division managers made a good faith effort to provide Plaintiff with a diverse and challenging caseload.

27.     Responding to paragraph 27 of the Second Amended Complaint, Defendant denies the allegations therein.  Defendant further asserts that one of the reasons Plaintiff was hired was his expertise and interest in Title VII law.  Mr. Weidman, however, eventually encouraged Plaintiff to obtain broader experience.

28.     Responding to paragraph 28 of the Second Amended Complaint, Defendant denies the allegations therein as characterized by Plaintiff and asserts that at the subject meeting Mr. Weidman informally counseled Plaintiff regarding several complaints agencies had made regarding him, in sufficient detail that Plaintiff was made aware of the nature and extent of the problem.

29.     Responding to paragraph 29 of the Second Amended Complaint, Defendant denies the first sentence therein and asserts that Defendant received several complaints which will be proved at trial.  Defendant admits that Plaintiff had received an Outstanding evaluation for the prior year.  Defendant denies the last sentence in said paragraph and asserts that Mr. Weidman was attempting to give Plaintiff counseling and an opportunity to improve prior to taking any action that would affect his performance rating.

30.     Responding to paragraph 30 of the Second Amended Complaint, Defendant denies the allegations therein.

31.     Responding to paragraph 31 of the Second Amended Complaint, Defendant denies the allegations therein.

32.     Responding to paragraph 32 of the Second Amended Complaint, Defendant denies the allegation alleged in the first sentence therein.  The remaining allegations constitute conclusions of law regarding the nature of protected activity and Plaintiff's characterization of his case, to which no answer is required; to the extent they may be

deemed allegations of fact, Defendant denies Plaintiff's vague allegations and incorporates by reference paragraph 11 above.

33.     Responding to paragraph 33 of the Second Amended Complaint, Defendant denies the allegations therein.

34.     Responding to paragraph 34 of the Second Amended Complaint, Defendant denies the allegations therein.

35.     Responding to paragraph 35 of the Second Amended Complaint, Defendant admits the substantial truth of the first two sentences therein and further asserts that in addition to the ability to litigate complex cases and manage attorneys, individuals promoted to management must have a record of maintaining solid working relationships with office personnel, including support staff, and agency counsel. Defendant denies the remaining allegation therein.

36.     Responding to paragraph 36 of the Second Amended Complaint, Defendant denies the allegations therein as characterized by Plaintiff.

37.     Responding to paragraph 37 of the Second Amended Complaint, Defendant denies the allegations therein.

38.     Responding to paragraph 38 of the Second Amended Complaint, Defendant denies the allegations therein.

39.     Responding to paragraph 39 of the Second Amended Complaint, Defendant denies the allegations therein except to admit that the managers of the civil division have professional working relationships with management of USAO and EOUSA.

40.     Responding to paragraph 40 of the Second Amended Complaint, Defendant denies the allegations therein and asserts that the investigator's ability to proceed with the investigation was impaired due to Plaintiff's refusal to cooperate by providing an oral statement.

41.     Responding to paragraph 41 of the Second Amended Complaint, Defendant denies the allegations therein.

///

Def's Ans to Second Am. Cpt   CV 08-07376

42.     Responding to paragraph 42 of the Second Amended Complaint, Defendant admits that Plaintiff submitted a Pre-Complaint form on or about February 7, 2008.  As to the content of that form, Defendant asserts that the document speaks for itself.

43.     Responding to paragraph 43 of the Second Amended Complaint, Defendant admits that Plaintiff spoke with the EEO Counselor on or about February 22, 2008 but asserts that he lacks sufficient information to form a belief as to the truthfulness of the allegations regarding the substance of Plaintiff's communications with the EEO counselor and on that basis denies same.

44.     Responding to paragraph 44 of the Second Amended Complaint, Defendant admits that Plaintiff and the EEO counselor discussed the scope of his complaint and asserts that the Counselor's notes speak for themselves as to what was discussed.

45.     Responding to paragraph 45 of the Second Amended Complaint, Defendant asserts that Plaintiff's Formal Complaint speaks for itself.

46.     Responding to paragraph 46 of the Second Amended Complaint, Defendant denies the allegations therein.

47.     Responding to paragraph 47 of the Second Amended Complaint, Defendant denies the allegations therein, except to assert that he lacks sufficient information to form a belief as to the truthfulness of the allegations regarding Plaintiff's communications with the EEO counselor and on that basis denies same.

48.     Responding to paragraph 48 of the Second Amended Complaint, Defendant admits that Michele Crawford was designated as the investigator for Plaintiff's complaint on August 28, 2008.

49.     Responding to paragraph 49 of the Second Amended Complaint, Defendant admits that Plaintiff submitted various amendment requests and asserts that any amendments speak for themselves.  Defendant asserts that he lacks sufficient information to form a belief as to the truthfulness of the allegations regarding Plaintiff's communications with the EEO investigator and on that basis denies same.

///

50.     Responding to paragraph 50 of the Second Amended Complaint, Defendant lacks sufficient information to form a belief as to the truthfulness of the allegations regarding Plaintiff's communications with the EEO investigator and on that basis denies same.

51.     Responding to paragraph 51 of the Second Amended Complaint, Defendant denies the allegation in the first three sentences therein as characterized by Plaintiff. Defendant admits the parties attempted to mediate but were unable to resolve Plaintiff's claims.

52.     Responding to paragraph 52 of the Second Amended Complaint, Defendant denies the allegations therein.

53.     Responding to paragraph 53 of the Second Amended Complaint, Defendant denies the allegations therein, except to assert that agency support varies from agency to agency and it is not unusual for attorneys to be required to perform various administrative tasks throughout litigation.

54.     Responding to paragraph 54 of the Second Amended Complaint, Defendant denies the allegations therein as characterized by Plaintiff.

55.     Responding to paragraph 55 of the Second Amended Complaint, Defendant denies the allegations therein.

56.     Responding to paragraph 56 of the Second Amended Complaint, Defendant asserts that the allegations in said paragraph constitute conclusions of law and Plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

57.     Responding to paragraph 57 of the Second Amended Complaint, Defendant lacks sufficient information to form a belief as to the truthfulness of the allegations regarding Plaintiff's diagnosis and on that basis denies same except that Defendant admits Plaintiff took leave beginning in April 2009.

58.     Responding to paragraph 58 of the Second Amended Complaint, Defendant asserts that the allegations in said paragraph constitute conclusions of law and Plaintiff's

Def's Ans to Second Am. Cpt   CV 08-07376

characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied, except that Defendant admits Plaintiff filed a Formal Complaint, which speaks for itself, and that the parties attempted to mediate the claims raised by Plaintiff.

59.     Responding to paragraph 59 of the Second Amended Complaint, Defendant asserts that the allegations in said paragraph constitute conclusions of law and Plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

60.     Responding to paragraph 60 of the Second Amended Complaint, Defendant asserts that the allegations in said paragraph constitute conclusions of law and Plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

61.     Responding to paragraph 61 of the Second Amended Complaint, Defendant denies the allegations asserted in the first two sentences therein.  With respect to the third sentence, Defendant asserts that the allegations therein constitute a conclusion of law and Plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

62.     Responding to paragraph 62 of the Second Amended Complaint, Defendant incorporates paragraphs 1 to 61 above as though fully restated.

63.     Responding to paragraph 63 of the Second Amended Complaint, Defendant denies the allegations therein.

64.     Responding to paragraph 64 of the Second Amended Complaint, Defendant denies the allegations therein.

65.     Responding to paragraph 65 of the Second Amended Complaint, Defendant denies the allegations therein.

66.     Responding to paragraph 66 of the Second Amended Complaint, Defendant denies the allegations therein.

///

67.     Responding to paragraph 67 of the Second Amended Complaint, Defendant denies the allegations therein.

68.     Responding to paragraph 68 of the Second Amended Complaint, Defendant denies the allegations therein.

69.     Responding to paragraph 69 of the Second Amended Complaint, Defendant denies the allegations therein.

70.     Responding to paragraph 70 of the Second Amended Complaint, Defendant denies the allegations therein.

71.     Responding to paragraph 71 of the Second Amended Complaint, Defendant denies the allegations therein.

72.     Responding to paragraph 72 of the Second Amended Complaint, Defendant denies the allegations therein.

73.     Responding to paragraph 73 of the Second Amended Complaint, Defendant denies the allegations therein.

74.     Responding to paragraph 74 of the Second Amended Complaint, Defendant asserts that the allegations contained therein constitute conclusions of law and Plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

75.     Responding to paragraph 74 of the Second Amended Complaint, Defendant asserts that the allegations contained therein constitute conclusions of law and Plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

76.     Responding to paragraph 76 of the Second Amended Complaint, Defendant denies the allegations therein.

77.     Responding to paragraph 77 of the Second Amended Complaint, Defendant incorporates paragraphs 1 to 76 above as though fully restated.

78.     Responding to paragraph 78 of the Second Amended Complaint, Defendant denies the allegations therein.

Def's Ans to Second Am. Cpt   CV 08-07376

79.     Responding to paragraph 79 of the Second Amended Complaint, Defendant denies the allegations therein.

80.     Responding to paragraph 80 of the Second Amended Complaint, Defendant denies the allegations therein.

81.     Responding to paragraph 81 of the Second Amended Complaint, Defendant denies the allegations therein.

82.     Responding to paragraph 82 of the Second Amended Complaint, Defendant denies the allegations therein.

83.     Responding to paragraph 83 of the Second Amended Complaint, Defendant denies the allegations therein.

84.     Responding to paragraph 84 of the Second Amended Complaint, Defendant denies the allegations therein.

85.     Responding to paragraph 85 of the Second Amended Complaint, Defendant denies the allegations therein.

86.     Responding to paragraph 86 of the Second Amended Complaint, Defendant denies the allegations therein.

87.     Responding to paragraph 87 of the Second Amended Complaint, Defendant denies the allegations therein.

88.     Responding to paragraph 88 of the Second Amended Complaint, Defendant denies the allegations therein.

89.     Responding to paragraph 89 of the Second Amended Complaint, Defendant denies the allegations therein.

90.     Responding to paragraph 90 of the Second Amended Complaint, Defendant denies the allegations therein.

91.     Responding to paragraph 91 of the Second Amended Complaint, Defendant denies the allegations therein.

92.     Responding to paragraph 92 of the Second Amended Complaint, Defendant denies the allegations therein.

Def's Ans to Second Am. Cpt   CV 08-07376

93.    Responding to paragraph 93 of the Second Amended Complaint, Defendant denies the allegations therein.

94.    Responding to paragraph 94 of the Second Amended Complaint, Defendant incorporates paragraphs 1 to 93 above as though fully restated.

95.    Responding to paragraph 95 of the Second Amended Complaint, Defendant asserts that the allegations contained in said paragraph constitute conclusions of law and Plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

96.    Responding to paragraph 96 of the Second Amended Complaint, Defendant denies the allegations therein.

97.    Responding to paragraph 97 of the Second Amended Complaint, Defendant incorporates paragraphs 1 to 96 above as though fully restated.

98.    Responding to paragraph 98 of the Second Amended Complaint, Defendant denies the allegations therein as characterized by Plaintiff.

99.    Responding to paragraph 99 of the Second Amended Complaint, Defendant denies the factual allegations therein and asserts that Plaintiff's Complaint speaks for itself.

100.   Responding to paragraph 100 of the Second Amended Complaint, Defendant denies the allegations therein.

With respect to Plaintiff's Request for Relief, Defendant denies that Plaintiff is entitled to the relief set forth in his prayer or any relief whatsoever.

Affirmative Defenses

1.    The complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff failed to timely and/or fully exhaust administrative remedies as required by law.

3.    The court lacks subject matter jurisdiction over one or more of Plaintiff's claims.

///

Def's Ans to Second Am. Cpt   CV 08-07376

4.      The actions of defendant were taken for legitimate business reasons and/or were based on business necessity.

5.      Defendant, while denying any unlawful motive, asserts he would have taken same action absent discrimination.

6.      Plaintiff's damages must be offset by funds received from other federal sources.

7.      Plaintiff failed to mitigate his damages.

8.      All future damages, if any, must be reduced to present value.

9.      Back and front pay are equitable remedies that can be determined only by the court.

10.     Defendant had programs in place to remedy and prevent harassment and/or retaliation and Plaintiff failed to take reasonable steps to avail himself of same and to otherwise avoid harm.

11.     Plaintiff failed to timely place Defendant on notice of the alleged retaliation and/or Defendant took prompt effective remedial action once advised of the harassment about which Plaintiff complained.

DATED: December 8, 2009          KAREN P. HEWITT
                                 United States Attorney

                                 s/Cindy Cipriani

                                 Cindy M. Cipriani
                                 Special Attorney
                                 E-Mail cindy.cipriani@usdoj.gov
                                 Timothy C. Stutler
                                 Special Attorney
                                 E-Mail: timothy.stutler@usdoj.gov
                                 Counsel for Defendant
                                 Attorney General Eric Holder

Def's Ans to Second Am. Cpt   CV 08-07376

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

IRA DAVES,                           )   Case No.: CV 08-07376 CAS (AGRx)
                                     )
             Plaintiff,              )   CERTIFICATE OF SERVICE
                                     )
v.                                   )
                                     )
ERIC H. HOLDER, JR.,                 )
ATTORNEY GENERAL,                    )
                                     )
             Defendant.              )
_____     )

IT IS HEREBY CERTIFIED THAT:

        I, the undersigned, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

        I am not a party to the above-entitled action.  I have caused service of:

        DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT (dated 12/08/09)

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Michael L. Cohen, Esq.,                  michaellcohen@cohen-law.org
707 Wilshire Boulevard, Suite 4100
Los Angeles, CA 90017

        I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case: N/A

the last known address, at which place there is delivery service of mail from the United States Postal Service.

        I declare under penalty of perjury that the foregoing is true and correct.

        Executed on December 8, 2009.
                                s/Cindy M. Cipriani
                                CINDY M. CIPRIANI