LAURA E. DUFFY
United States Attorney
CINDY M. CIPRIANI
Special Attorney
California State Bar No. 144402
EUGENE LONG
Special Attorney
California State Bar No. 240663
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7390
Facsimile: (619) 557-5004
Email: cindy.cipriani@usdoj.gov

Attorneys for Defendant
Eric H. Holder, Jr.,
Attorney General of the United States

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IRA DAVES,<br><br>        Plaintiff,<br>v.<br>ERIC H. HOLDER, JR., ATTORNEY GENERAL,<br><br>        Defendant. | Case No.: CV 08-07376 CAS (AGRx)<br><br>JOINT REQUEST BY PLAINTIFF IRA DAVES AND DEFENDANT ATTORNEY GENERAL ERIC H. HOLDER, JR. FOR PROTECTIVE ORDER |

Plaintiff, IRA DAVES, and Defendant, Eric H. Holder, Jr., Attorney General of the United States, by and through their respective counsel, Michael Cohen and Cindy Cipriani of the Office of the U.S. Attorney, hereby agree as follows:

    A.    **Claw Back Provisions**

    1.    The parties recognize that the prosecution and defense of this action may require each party to review and/or disclose large quantities of information and documents through the discovery process. As a result, documents and images of documents produced for inspection by, copied by, or delivered to another party,

1  inadvertently could include materials subject to privilege or other legally recognized
2  protection (hereinafter "privileged information") and therefore not subject to disclosure
3  in discovery. Such inadvertent disclosure of privileged information or documents is
4  possible despite due diligence and reasonable care taken to protect privileged
5  information.

6  2.  Absent this Protective Order, the effect of inadvertent disclosure of
7  privileged information is not certain, given some legal precedents and guidance dealing
8  with this issue, namely, whether privileges will be deemed to have been waived by the
9  inadvertent disclosure of privileged information.

10  3.  Except as provided in Paragraph 4, before producing documents in response
11  to a discovery request, counsel for the producing party, or persons acting under his or her
12  direct supervision, shall examine the files containing documents to be produced and shall
13  screen all documents for privilege (or other legal protection), as allowed by law, and such
14  examination shall be performed with diligence, and with due regard for the likelihood that
15  the files contain privileged documents.  Except as provided in Paragraph 4, at the time
16  of production, a producing party shall accompany its response with a privilege log
17  sufficient to meet the requirements of Federal Rule of Civil Procedure 26(b)(5). Provided
18  that a party has performed a privilege review and has produced a privilege log, the
19  producing party may request the receiving party to return any privileged documents
20  inadvertently produced with non-privileged documents, and the receiving party must
21  timely comply with the claw-back provisions stated in this Protective Order.

22  4.  The parties recognize that the production and review of large collections of
23  electronic data may impose substantial burdens and delays.  Notwithstanding the
24  requirements of Paragraph 3, the parties agree that, before production of electronic
25  information in response to a discovery request, counsel for the producing party may
26  identify collections of electronic data that are being produced without being reviewed for
27  privilege because such privilege review is unduly burdensome or would unduly delay
28

response to the discovery request. For any information contained in a collection so identified, the producing party may assert a claim of privilege as soon as practicable after discovering the inadvertent disclosure or after receiving notice that the receiving party intends to refer to, quote, cite, rely upon or otherwise use the information. In asserting such a claim of privilege, the producing party shall provide information sufficient to meet the requirements of Federal Rule of Civil Procedure 26(b)(5).

5. If the receiving party does not agree with the assertion of the privilege, it shall notify the producing party within 21 days after the receipt of the claim of privilege. The producing party may, after meeting and conferring with the receiving party as required by Local Rule 26.1, move the Court for a determination of that claim. Any such motion shall comply with Local Rule 37. If the producing party fails to make such a motion within 21 days after receiving the receiving party's notice of disagreement with the assertion, the claim of privilege shall be deemed waived.

6. Once a document or information has been identified as privileged in accordance with Paragraphs 3 or 4, no party shall in any way refer to, quote, cite, rely upon or otherwise use in any manner, any such document or its contents in any proceeding unless and until the Court decides the issue or the producing party withdraws the privilege claim, except the document may be submitted to the Court for <u>in camera</u> review.

7. If the claim of privilege is upheld by the Court or if the receiving party agrees with the claim, all copies of the privileged documents identified in accordance with Paragraph 3 or 4 shall be returned to the producing party. If notes or records in any form regarding such document(s) (other than as pertains to the existence of the privilege document) exist, they shall be permanently destroyed, deleted or redacted. The receiving party must certify in writing to the producing party that all privileged documents have been returned or destroyed. If electronically stored information, including images of documents, are produced on electronic media (*e.g.*, CD, DVD, USB drive, etc.) the

producing party may demand the receiving parties to return or destroy all electronic media containing the inadvertently disclosed privileged information, and shall provide a replacement electronic media to the receiving parties at the producing party's expense. The replacement electronic media shall be identical to the original electronic media produced but for the privileged information.

8. Inadvertent disclosure of privileged information shall not be deemed to constitute a waiver of the privilege. The parties agree that no party shall claim or otherwise urge the Court to deem a privilege to have been waived solely on the basis of inadvertent disclosure.

9. If a party receives information that appears on its face to be privileged information inadvertently produced by another party, the receiving party shall notify the producing party and shall not refer to, quote, cite, rely upon or otherwise use the information until the producing party has had an opportunity to object to the use of such information.

10. Recognizing that some documents in the parties' files may be privileged, if a party allows a limited inspection of its files, no waiver of any applicable privilege relating to a document is intended or implied by an agreement to allow limited inspection of a party's files.

11. These claw-back provisions (A(1) through A(10) above) shall not apply to any documents or communications that are subject to the parties' stipulation regarding disclosure of otherwise privileged and confidential communications.

B. **Provisions regarding documents that are sensitive or protected by the Privacy Act**

12. The parties have both requested that the other side produce sensitive or confidential information. Plaintiff has asked Defendant, through the United States Attorney's Office for the Southern District of California ("the USAO"), to produce certain confidential personnel data or documents, some of which may contain information

protected by the Privacy Act. Defendant has requested disclosure of Plaintiff's sensitive medical, psychological or psychiatric treatment records. All of the foregoing is deemed confidential by the parties. The signatories to this agreement ("the signatories") hereby request that the Court order the parties to adhere to the following procedures and rules, which will govern the use and handling of confidential information which either party may disclosure or that the Court may order to be released:

13. Pursuant to 5 U.S.C. § 552a(b)(11), the parties reasonably believe some of the information disclosed, i.e., confidential personnel information concerning various former and current agency employees, may be discoverable under the standard provided by Fed. R. Civ. P. 26(b)(1) and, therefore, those materials may be disclosed subject to a protective order. See Laxalt v. McClatchy, 809 F.2d 885, 888-90 (D.C. Cir. 1987).

14. The parties agree their agreements herein, combined with the court's review and execution of this Protective Order, are sufficient to protect the privacy interests of any affected individuals. Id.

15. The confidential materials disclosed shall not be used for any purpose other than preparation and trial of this case or in connection with proceedings concerning settlement. For those purposes, the materials may be disclosed to the following persons only:

    a. The signatories and their staff; and

    b. Parties, bona fide employees, agents, and experts of the signatories for any of the parties, while assisting in accomplishment of the foregoing purposes, with disclosure only to the extent necessary to enable them to perform same.

16. Unless the parties consent in writing to further disclosure, the signatories shall not further disclose the information to persons or entities not listed in subparts a. through b. above without first obtaining from the Court an Order.

///

17. Subject to public policy and further court order, confidential documents may be filed under seal only if the party seeking to file said documents applies for and obtains a separate Court order from the Judge before whom the hearing or proceeding will take place, with appropriate notice to opposing counsel. All private information concerning Defendant's employees (such as Social Security numbers, home addresses and home phone numbers) shall be redacted from any documents that are not filed under seal.

18. At the request of the opposing party, the parties agree to return any documents containing confidential personnel or sensitive medical information disclosed pursuant to this order or during administrative proceedings to the requesting party no later than 30 days after the case is closed. The parties agree the Court may destroy any confidential documents in the Court's possession immediately after the case is closed.

19. The parties understand and acknowledge that the provisions of this request for protective order are subject to further Court order, based upon public policy and other considerations.

20. Any party may at any time seek modification of this Protective Order by written agreement or, failing agreement, by motion to the Court.

21. The undersigned counsel have authority to execute this Protective Order on behalf of their clients.

DATED: March 2, 2011            Cohen McKeon LLP

                                s/ Michael Cohen
                                Michael Cohen
                                Attorney for Plaintiff Ira Daves
                                E-Mail: cohen@cohenmckeon.com

///
///
///
///

1  I certify that the content of this document is acceptable to Mr. Cohen and that I
2  have obtained authorization to affix his electronic signature to this document.
3  DATED: March 2, 2011  LAURA E. DUFFY
 United States Attorney

 s/Cindy Cipriani
 Special Attorney
 E-Mail cindy.cipriani@usdoj.gov
 Counsel for Defendant
 Attorney General Eric Holder